**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ONE (1) DOUGLAS A–26B AIRCRAFT, UNITED STATES REGISTRATION # N320, Defendant-Appellant.**

No. 75–3983
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 8, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

William S. Rubenstein, Burton R. Levey, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., C. Wesley G. Currier, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The judgment in this case is affirmed on the opinion of the District Court, a copy of which is hereto appended.

AFFIRMED.

## APPENDIX

### ORDER OF SUMMARY JUDGEMENT

This is a forfeiture proceeding brought by the United States pursuant to 22 U.S.C. § 401(a). The basis of Federal Jurisdiction is 28 U.S.C. § 1345 and § 1355.

The defendant aircraft was purchased by Tuira Investments, S.A. through its agent, Philip Keidaish. Tuira, the claimant herein, is a Panamanian Corporation doing business in Panama City, Panama. It desired to obtain an aircraft for resale to Pertelt International, another non-United States corporation. Mr. Keidaish purchased the Douglas A–26B Aircraft, U. S. Registration # N320 from Ken Gaskin of Dallas, Texas, and took it to Fort Lauderdale, Florida with plans to fly it to Panama for resale.

On May 1, 1975, Mr. Keidaish contacted Mr. Alan Suchinsky, an employee of the Office of Munitions Control, United States Department, Washington, D. C., to inquire whether a temporary export license would be required to fly the defendant aircraft to Cartagena, Columbia and return to the United States. He was told such a license would be required, and further that it could not be issued prior to May 9, 1975. An export license had been issued to the prior owner, although it was expired and did not include South America as a point of destination.

Claimant contends that at this point Mr. Suchinsky advised Mr. Keidaish that the trip to Columbia could be made if an application for license were made and a copy thereof along with the license issued to the previous owner were carried on the aircraft.

On May 1, 1975, Mr. Keidaish submitted an unsigned application for temporary export license to the Office of Munitions Control and on May 9, 1975, departed Fort Lauderdale International Airport bound for Cartagena, Columbia without any Export License having been issued by the State Department.

Enroute to Columbia, the aircraft experienced engine trouble and executed a precautionary landing in Kingston, Jamaica. During the customs search by Jamaican authorities, approximately One Hundred Ten Thousand Dollars in United States currency and several guns were discovered. Keidaish and his party were arrested and the aircraft impounded. A few days later Keidaish was deported to the United States. U. S. Customs agents subsequently flew to Jamaica, prepared the aircraft and flew to to Homestead Airforce Base in Florida, where it remains pending the determination of this lawsuit.

At a pre-trial conference held September 10, 1975, counsel for both parties agreed there were no material questions of fact which would require resolution in an adversary proceeding. It was agreed that counsel would submit a joint stipulation of facts to the Court in order to facilitate consideration of the government's motion for summary judgement. It was agreed that the sole issue is whether the agreed upon facts establish an adequate defense to the forfeiture.

Upon consideration of the pleadings, the pre-trial stipulation, the stipulation of facts, plaintiff's motion for summary judgement, claimant's memorandum of law in opposition to the motion for summary judgement, and plaintiff's reply memorandum, the Court concludes that the stipulated facts do not establish a

legally sufficient defense, and that summary judgement is appropriate.

Congress has provided that

[w]henever . . . there shall be probable cause to believe that any arms or munitions of war or other articles . . . have been exported or removed from the United States in violation of law, . . . any person duly authorized . . . may seize and detain such [property]. All [property] seized . . . shall be forfeited. 22 U.S.C. § 401(a).

■ The defendant aircraft, being a conversion of a B–26 bomber, is subject to the licensing requirements of the State Department. 22 C.F.R. § 121.-13(a). See also 22 C.F.R. § 121.01.

These requirements are such that the defendant aircraft may not be taken out of the United States without a license having been issued therefor. 21 C.F.R. §§ 121.18, 123.01, 123.55. Moreover, such license must be endorsed by a District Director of Customs at the port of departure, and a used or expired license must be immediately returned to the Department of State. 22 C.F.R. § 123.-55(b), (d) and (g). In this regard, it is to be specifically noted that temporary export licenses are not transferable. 22 C.F.R. § 121.20(b).

Lastly, absent written approval from the Department of State, it is unlawful to take any article on the United States Munitions list out of the U.S. without first having obtained a license therefor. 22 C.F.R. § 127.01.

The facts establish that the defendant aircraft was exported without a license, i. e. in violation of law. The defendant aircraft, therefore, "shall be forfeited". 22 U.S.C. § 401(a).

■ In spite of the above, claimant asserts the facts establish a defense of equitable estoppel against the government's forfeiture claim, because of its reliance upon the conversations between Mr. Suchinsky and Mr. Keidaish concerning the subject of a Temporary Export License for the defendant aircraft. Such defense lacks merit; claimant was on notice as to the licensing requirements of the State Department. If it desired to remove the aircraft from the United States without the requisite license, written approval from the State Department should have been obtained. 22 C.F.R. § 127.01.

■ Claimant further asserts that it acted in good faith, without intent to violate the law. Intent to export in violation of law is not an issue on the facts at bar, since there was an *actual* exportation in violation of 22 U.S.C. § 401. Claimant may raise questions of intent and culpability only in a petition for remission or mitigation of penalties pursuant to 19 U.S.C. § 1618.

Accordingly, it is

ORDERED and ADJUDGED that the motion of the United States for summary judgement be and the same is hereby GRANTED, the Court finding that there is no genuine issue of material fact and that the United States is entitled to judgement as a matter of law; that the defendant One (1) Douglas A–26B Aircraft, United States Registration # N320 be condemned as forfeited to the United States of America and delivered into the custody of the District Director of Customs, Miami, Florida.